UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN MOSES, ET AL. § | |
| § | |
| v. § | CIVIL NO. 4:22-CV-211-SDJ |
| § | |
| VICTOR CANTU, ET AL. § | |

## MEMORANDUM OPINION AND ORDER

Defendants Victor and Jayme Cantu believe they can thwart Plaintiffs John and Donna Moses from litigating their state court eviction action by repeatedly and improperly removing the case to federal court. For the second time, the Cantus have removed the Moses' state court eviction action to this Court grounded on a baseless assertion of federal question jurisdiction. The Moses' Motion to Remand, (Dkt. #5), will be granted and the Cantus will be enjoined from any further effort to prevent the state court matter from proceeding through the filing of frivolous and improper notices of removal.

### I. Background

This case originated as an eviction action in Texas state court in July 2021, (Dkt. #3). The Cantus (proceeding pro se) filed a counterclaim alleging that the Moses intentionally provided false claims and statements on a real estate contract in violation of 31 U.S.C. § 3802. (Dkt. #5-1 at 2). The Cantus then removed the eviction action to federal court, contending that their counterclaim provided federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. #5-1). The Moses immediately moved for remand, which was granted. The reason was straightforward: this Court lacked original jurisdiction because the Moses' state court petition included only issues of

1

Texas law and federal question jurisdiction cannot be established based on a counterclaim alone, as the Cantus urged. *Moses v. Cantu*, No. 4:21-CV-00688-ALM-CAN, 2022 WL 483198, at *3 (E.D. Tex. Jan. 13, 2022), *report and recommendation adopted*, No. 4:21-CV-688, 2022 WL 476076 (E.D. Tex. Feb. 16, 2022).

One month after remand, the Cantus filed a nearly identical notice of removal.[1] (Dkt. #1). The Cantus once again premised their removal on federal question jurisdiction arising from their counterclaim—the same premise already expressly rejected by this Court. (Dkt. #1 at 2). The Moses have again requested remand of this eviction case back to state court. The Moses also request that the Court issue a pre-filing injunction against the Cantus to prevent further frivolous removals. (Dkt. #5 at 5). The Cantus have failed to respond, even after the Court ordered them to do so. (Dkt. #6).

## II. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Thus, when a plaintiff sues in state court, a defendant can remove the suit to federal court under 28 U.S.C. § 1441(a) only if the plaintiff could have filed the suit in federal court under a

---

[1] The Cantus' Notice of Removal that initiated this case claims $700,000 in damages but is in all other respects identical to the one filed in September 2021. *Compare* (Dkt. #1) *with* (Dkt. #5-1).

jurisdiction-granting statute. *See, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)).

One such jurisdiction-granting statute is 28 U.S.C. § 1331, which gives federal courts subject-matter jurisdiction over all claims "arising under" federal law. To determine whether a claim arises under federal law, courts apply the "well-pleaded complaint rule," which provides that federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). And in cases removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction"—for example, if it becomes apparent that no federal question is presented on the face of the plaintiff's complaint—the federal court must remand the case to state court. 28 U.S.C. § 1447(c). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (collecting cases).

Generally, under the "well[-]pleaded complaint" rule, a case does not arise under federal law, and thus is not removable, if the complaint does not affirmatively allege a federal claim and instead asserts only state law causes of action. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Moreover, "[i]t is not sufficient for the federal question to be raised in the answer or in the petition for removal." *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir.

2009) (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)); *Tex. ex rel. Bd. of Regents of Univ. Tex. Sys. v. Walker*, 142 F.3d 813, n.2 (5th Cir. 1998) ("There has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule.")

### III. DISCUSSION

**A. Remand Is Proper Because No Federal Question Is Presented.**

The Cantus' renewed assertion that this Court has federal question jurisdiction premised on their counterclaim remains just as incorrect as it was the last time the Court remanded this case. The Moses initiated a forcible detainer (eviction) action against the Cantus in Texas state court under Texas law. On its face, the Moses' petition does not allege any claim that arises under federal law. (Dkt. #1-1); *Moses*, 2022 WL 483198 at *3. It is well settled that a forcible detainer action is a state law claim that provides no basis for federal question jurisdiction. *See, e.g.*, *Ellsberry v. Crouse*, No. 3:21-CV-2126-K-BH, 2021 WL 4268281, at *2 (N.D. Tex. Sept. 9, 2021) ("Plaintiff's suit for eviction arises solely under state law and does not provide a basis for federal jurisdiction."), *report and recommendation adopted*, No. 3:21-CV-2126-D, 2021 WL 4265765 (N.D. Tex. Sept. 20, 2021).[2] The fact

---

[2] *See also Progress Residential v. Crump*, No. 4:18-CV-0467, 2018 WL 4572710, at *3 (E.D. Tex. Aug. 28, 2018) (recognizing no basis for federal-question where "[p]laintiff's pleading raises a single cause of action for forcible detainer"), *report and recommendation adopted*, No. 4:21-CV-467, 2018 WL 4566683 (E.D. Tex. Sept. 24, 2018); *Fed. Nat'l Mortg. Ass'n v. Morse*, No. 4:16-CV-396, 2016 WL 6871143, at *4–5 (E.D. Tex. Nov. 22, 2016) (holding that forcible detainers are state law actions that provide no basis for federal question jurisdiction); *U.S. Bank, N.A. v. Allain*, NO. 1:14-CV-670, 2015 WL 679233, at *2–3 (N.D. Tex. Feb. 17, 2015) (same).

4

that the Moses also seek past due rent does not alter the analysis that the Moses' state court petition raises no federal claims and therefore provides no basis for invoking this Court's original jurisdiction under Section 1331. *See Rodriguez v. Blaine Larsen Farms, Inc.*, No. 2:21-CV-52-Z, 2022 WL 484924, at *8 (N.D. Tex. Feb. 15, 2022) (citing *Tex. Mut. Ins. Co. v. Goetz Insurors, Inc.*, 308 S.W.3d 485, 488 (Tex. App.—Amarillo 2010, pet. denied)) ("A breach of contract claim is a [Texas] common-law claim."))).

And as this Court has already concluded, the Moses' eviction action does not become removable to federal court merely because the Cantus have asserted an issue of federal law in their counterclaim. *See Potts*, 322 F.App'x at 380 ("The fact that [Defendants] brought up possible federal question claims in [their] answer and counterclaim cannot be considered in determining the existence of removal jurisdiction."). Indeed, counterclaims are not even permitted in Texas eviction proceedings. *See Moses*, 2022 WL 483198 at *3 (citing TEX. R. CIV. P. 510.3(e) ("counterclaims are not permitted in Texas eviction actions.")). Since there is no well-pleaded question of federal law in the Moses' state court petition, remand is appropriate.

**B. The Cantus Will Be Enjoined to Prevent Further Abuse of the Removal Process.**

Understandably frustrated by the Cantus' improper use of removal to delay the state court eviction matter, the Moses request that the Court enjoin the Cantus from continuing to use the removal procedure improperly in order to endlessly delay the resolution of the state court forcible detainer action. (Dkt. #5 at 5). The Court's

power to impose injunctions on parties, including parties to state court proceedings, comes from two statutes: The All Writs Act, 28 U.S.C. § 1651; and the Anti-Injunction Act., 28 U.S.C. § 2283. The All Writs Act provides that federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Anti-Injunction Act provides that a federal court may grant an injunction "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

The Fifth Circuit has often read these two statutes together and concluded that federal courts have inherent power to enjoin vexatious litigants from filing prospective state court actions. *Newby v. Enron Corp.*, 302 F.3d 295, 301−02 (5th Cir. 2002) ("[I]t is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court."). "The inherent power is limited and interpreted narrowly, and its reach is limited by its ultimate source—the court's need to orderly and expeditiously perform its duties." *Id.* at 302 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50–51, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). "[R]esorting to the inherent power to sanction a vexatious litigant [is] appropriate where there [is] repeated bad-faith conduct that [is] beyond the reach of the Federal Rules of Civil Procedure." *Id.* (citing *Chambers*, 501 U.S. at 50–51). While removal is not a "state court action" as addressed in *Newby*, the Fifth Circuit's reasoning is equally applicable here, where a federal court asserts authority to enjoin

a state court litigant not properly before the court from making prospective federal court filings.

> When considering whether to enjoin future filings, courts consider four factors:
>
> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) (internal quotation omitted). Courts in this circuit have enjoined litigants from making repeated frivolous attempts at removal. *See e.g., Alley Brothers, LLC v. Krishnan*, No. 4:18-CV-742-ALM-CAN, 2018 WL 8546422, at *5 (E.D. Tex. 2018), *report and recommendation adopted*, No. 4:18-CV-742, 2019 WL 1614625 (E.D. Tex. Apr. 16, 2019) (enjoining defendants from future attempts at removal to the Eastern District of Texas after defendants' third attempt to remove a Texas eviction proceeding); *U.S. Bank Nat'l Ass'n v. Jefferson*, 314 F.Supp.3d 768, 784 (S.D. Tex. 2018) (enjoining prospective removal filings after finding defendant's second attempt at removal "frivolous and dilatory").

Applying the four factors from *Carroll*, the Court finds that a limited injunction prohibiting the Cantus from attempting to remove this matter again is appropriate. The Cantus' litigation history—attempting removal on the same grounds that have already failed with a nearly identical notice of removal only weeks after remand—demonstrates that this second attempt at removal is both frivolous and vexatious, intended only to delay and frustrate legitimate state court proceedings. The second factor also weighs in favor of an injunction, as the Court finds that the Cantus had

no good-faith basis for attempting removal a second time on the same grounds after the Court previously remanded the case. Considering the third factor, the Court concludes that the burden the Cantus' litigation strategy imposes on the Moses and on the courts is substantial. The Cantus' removal tactic prevents Texas courts from adjudicating legitimate state law claims between Texas citizens, wastes the time and resources of this Court, and deprives the Moses of the opportunity to redress their claims. Finally, a limited injunction is appropriate in light of alternative remedies. Enjoining the Cantus from attempting removal again without leave of this Court is the most limited remedy available and is adequate to prevent further frustration of state court proceedings.

## IV. CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**. It is further **ORDERED** that this matter is hereby **REMANDED** to the Justice Court, Precinct No. 3, of Collin County, Texas.

It is **ORDERED** that Defendants Victor and Jayme Cantu are hereby **ENJOINED** from filing a notice of removal in this matter again without leave of this Court.

The Clerk is instructed to close this civil action.

**So ORDERED and SIGNED this 15th day of March, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE